NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

ROSS E. RIVERA,
*Appellant*.

No. 1 CA-CR 14-0821
FILED 7-7-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-456917-001
The Honorable Sam J. Meyers, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

**O R O Z C O**, Judge:

¶1        Ross E. Rivera appeals his conviction and probation sentence for one count of possession or use of marijuana, a class 1 misdemeanor. Rivera's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the entire appellate record, no arguable question of law was found.  Rivera was afforded the opportunity to file a supplemental brief pro se, but he has not done so.  Our obligation on appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).   Finding no reversible error, we affirm Rivera's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2        Mesa Police and Fire Department personnel responded to an emergency call at Rivera's residence to assist Rivera's elderly grandmother. Because the fire department received reports, determined later to be unfounded, that a fight might be occurring at the scene, Officer Wyatt Stockton made first contact with Rivera to ensure a secure location for fire department medical personnel.  Rivera invited Officer Stockton and the fire department personnel to enter the home.

¶3        Upon entering, Officer Stockton "immediately" smelled what he identified as burning marijuana.  But because the "first area of concern" was Rivera's grandmother, Rivera took Officer Stockton to his grandmother's bedroom, where Officer Stockton secured the scene and made way for medical personnel.  While medical personnel attended to Rivera's grandmother, Officer Stockton moved down a hallway and stood in the threshold of another bedroom.  Officer Stockton believed it was Rivera's bedroom based on what he observed in the room.  On a television stand in the bedroom, Officer Stockton saw what he identified as "buds of marijuana" in plain sight.

¶4            Officer Stockton told Rivera that "[i]t reeks like weed in here."  Stockton asked if there was marijuana in the bedroom, and Rivera answered affirmatively, grabbed the bags in the bedroom and gave them to Stockton.  Officer Stockton stated that Rivera admitted the marijuana was his and that he had been smoking it in the house.  Stockton charged Rivera with possession of marijuana and drug paraphernalia without arresting him.

¶5            Rivera waived his right to a jury trial and, after a bench trial, was convicted of one count of possession or use of marijuana.  Rivera timely appealed and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2015).[1]

## DISCUSSION

¶6            Under A.R.S. § 13-3405.A.1., "[a] person shall not knowingly . . . [p]ossess or use marijuana." Here, there was sufficient evidence that Rivera possessed marijuana. Officer Stockton testified that Rivera admitted the substance found in the bedroom was marijuana and that it belonged to Rivera.  Additionally, a forensic technician testified that the substance found in Rivera's home was lab tested and confirmed as marijuana.  This evidence was sufficient to convict Rivera and we will not reweigh the evidence on appeal.  *See State v. Lee*, 189 Ariz. 590, 603 (1997).

## CONCLUSION

¶7            We have read and considered counsel's brief.  We have carefully searched the entire appellate record for reversible error and have found none.  *See Clark*, 196 Ariz. at 541, ¶ 49.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Rivera was represented by counsel at all critical stages of the proceedings. At sentencing, Rivera and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶8            Counsel's obligations pertaining to Rivera's representation in this appeal have ended.  *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do nothing more than inform Rivera of the status of the appeal and his future options, unless Counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See id*. at 585. Rivera has thirty days from the date of this decision

---

[1]            We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

**¶9**        We affirm Rivera's conviction and sentence.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama